IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERNEST TAYLOR, #173-452             *
      Petitioner,
                                   *

    v.                                            CIVIL ACTION NO. WDQ-07-37
                                   *
WARDEN
      Respondent.             *
                                 ******

## MEMORANDUM

On December 12, 2006, Ernest Taylor filed the above-captioned habeas corpus petition seeking to vacate his 1984 convictions and sentences in the Circuit Court for Baltimore City.[1] The Court has received Respondents' response to the Petition.[2] Paper No. 3. After due consideration of the pleadings and exhibits, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. § 2254(d) & (e)(2). For the reasons that follow, the Petition will be denied and dismissed as time-barred.

## Procedural History

Petitioner seeks to challenge his August 16, 1984 guilty plea in the Circuit Court for Baltimore City for two charges of first degree rape.[3] Paper Nos. 1 and 3; Paper No. 12, Exhibits 1 and 3. Petitioner did not seek timely leave to appeal the plea to the Court of Special Appeals of Maryland. Paper No. 12, Exhibits 1-5. His convictions became final at the end of the thirty-day period for seeking leave to appeal, on September 17, 1984. *See* Md. Rule 1096(a)(1)(1984); *see also*

---

[1] The Petition was signed on December 12, 2006, and received by the Clerk on January 3, 2007. For purposes of assessing the timeliness of the Petition under 28 U.S.C. § 2244(d)(1)-(2) (1996), it is deemed filed on the date it was signed and presumably delivered to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266 (1988)*; United States v. Dorsey*, 988 F.Supp. 917, 919-920 (D. Md. 1998).

[2] Petitioner has chosen not to reply to the Response. .

[3] Petitioner was sentenced to two concurrent terms of forty-five years incarceration. Paper No. 12, Exhibits 1and 3.

28 U.S.C. § 2244(d)(1)(A); *Wade v. Robinson*, 327 F.3d 328, 330-333 (4th Cir. 2003).

On September 17, 1985, Petitioner initiated post-conviction proceedings in the Circuit Court for Baltimore City.  Paper No. 12, Exhibits 1-5.  Relief was denied on February 26, 1986.  *Id*., Exhibit 5.  Petitioner did not seek leave to appeal the denial of post-conviction relief.[4]  *Id*., Exhibit 1.

On November 23, 2004, Petitioner filed a second petition for post-conviction relief.  On February 27, 2006, relief was granted solely to permit him to file a belated motion for modification of sentence.  *Id*., Exhibits 2, 4 and 5.  Petitioner did not seek leave to appeal the post-conviction court's ruling.

On September 4, 2006, Petitioner sought to reopen post-conviction proceedings.  His application was denied on November 2, 2006.  *Id*.  Petitioner did not seek leave to appeal that decision.

On January 20, 2007, Petitioner filed correspondence which was treated as another motion to reopen post-conviction proceedings and denied by order filed March 15, 2007.  *Id*., Exhibit 2 at 3, Exhibit 4 at 3 and Exhibit 6.

### **Legal Analysis**

In an effort to curb lengthy delays in filing federal habeas corpus petitions, Congress passed the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, substantively modifying the scope and context of federal habeas corpus review of challenges to state court convictions.  Among the changes made by this law was the addition of a one-year statute of limitations in non-

---

[4] Post-conviction proceedings thus became final on May 23, 2005, when the time for seeking leave to appeal expired.  *See* Md. Code Ann., Crim. Proc. Art., § 7=109 (2005 Repl. Vol.) (Leave to appeal ruling of post-conviction decision must be filed within thirty days of court order); *see also* Md. Rule 8-204(a).

capital cases for persons convicted in a state court.  *See* 28 U.S.C. §2244(d);[5] *see also Harris v. Hutchinson*, 209 F.3d 324, 328 (4th Cir. 2000).  Because Petitioner's convictions occurred prior to 1996, the one-year limitations period for seeking federal habeas corpus relief began to run on April 25, 1996, and expired one year later, on April 24, 1997.  *See Brown v. Angelone*, 150 F.3d 370, 371-76 (4th Cir. 1998); *see also Hernandez v. Caldwell*, 225 F.3d 435, 438-39 (4th Cir. 2000).

Petitioner completed his first state post-conviction proceeding on March 24, 1986.  His one-year limitations period for seeking habeas corpus relief expired on April 24, 1997.  He presents no explanation as to why he failed to meet the deadline and presents no reason why the one-year limitations period should be equitably tolled.

The Petition is time-barred.  It shall be dismissed by way of a separately filed Order.

---

[5] This section provides:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)   the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

| | |
|---|---|
| _August 29, 2007_ | _____/s/_____ |
| Date | William D. Quarles, Jr. |
| | United States District Judge |